**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

DWIGHT L. ALLEN,            :       PRISONER CIVIL RIGHTS
GDC No. 1054462,           :       42 U.S.C. § 1983
    Plaintiff,          :
                     :
    v.                  :       CIVIL ACTION NO.
                     :       1:13-CV-4197-TWT-ECS
GOVERNOR NATHAN DEAL, et al., :
    Defendants.         :

**<u>FINAL REPORT AND RECOMMENDATION</u>**

State inmate Dwight L. Allen has filed a civil rights complaint under 42 U.S.C. § 1983 and a request for permission to proceed <u>in forma pauperis</u> ("IFP"). <u>See</u> [Doc. Nos. 1, 2].

Mr. Allen complains generally that "[t]he State of Georgia has failed to provide proper, adequate legal defense for Georgia's penniless defendants" and specifically that when he was tried in state court in 2009, his appointed counsel was improperly denied adequate funds to defend him. <u>See, e.g.</u>, [Doc. No. 1 at 8, 10]. Because Mr. Allen is proceeding <u>pro se</u>, he cannot represent anyone but himself, and he cannot bring claims on behalf of anyone but himself. <u>See</u> 28 U.S.C. § 1654.

Section 1983 actions brought in Georgia are subject to the State's two-year limitations period for personal injuries. <u>See</u> <u>Williams v. City of Atlanta</u>, 794 F.2d 624, 626 (11th Cir. 1986). Here, the trial about which Mr. Allen complains occurred in September 2009. <u>See</u> [Doc. No. 1 at 8, 10]. Mr. Allen, however,

did not sign and "file" his complaint until December 12, 2013. <u>See</u> [<u>id.</u> at 5]; <u>Garvey v. Vaughn</u>, 993 F.2d 776, 783 (11th Cir. 1993) (prison mailbox rule applies to § 1983 complaints); <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001) ("Absent evidence to the contrary . . . , we will assume that [a prisoner's filing] was delivered to prison authorities the day he signed it.").

Nothing in Mr. Allen's complaint indicates that any portion of the more than four-year period between September 2009 and December 2013 was tolled. Consequently, it appears from the face of Mr. Allen's complaint that it is time-barred.

The undersigned **RECOMMENDS** that the complaint be **DISMISSED**. <u>See</u> <u>Allen v. King</u>, 279 F. App'x 847, 848 (11th Cir. 2008) (affirming district court's <u>sua sponte</u> dismissal for time-bar).

Solely for the purpose of dismissal, Mr. Allen's request for permission to proceed IFP is **GRANTED**.

If Mr. Allen objects to this Final Report and Recommendation, he is **ORDERED** to include with his objections a copy of his inmate account statement covering the six-month period immediately preceding the filing of his complaint. <u>See</u> 28 U.S.C. § 1915(a)(2).

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 30th day of December, 2013.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

3